## WELSH v SINCLAIR REFINING CO et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15752. Decided May 10, 1937

Martin N. Goulder, Cleveland, for plaintiff-appellee.

Howell, Roberts & Duncan, Cleveland, for defendant-appellant.

ROSS, J, (1st Dist) sitting by designation.

## OPINION

By ROSS, J.

Appeal on questions of law from the Common Pleas Court of Cuyahoga County.

The trial in the Common Pleas Court resulted in a verdict and judgment for the plaintiff-appellee, who was the operator of a motor truck. When near a filling station selling the gasoline of appellant, he discovered that he had no gasoline. He coasted into a Pennzoil filling station. No attendant being about he went to the adjacent filling station selling the gasoline of appellant, induced the attendant there to bring a few gallons of gasoline to his truck in the Pennzoil station. While emptying the gasoline into the tank in the truck the same became ignited. The partially filled can of gasoline was thrown by the attendant upon the appellee who suffered injuries due to the burning gasoline setting fire to his clothes. The attendant was in the employ of one Klima, a lessee of appellant.

Originally both Klima and the appellant lessor were made parties defendant, but Klima, on motion to elect, after the relationship of the parties became apparent, was dismissed from the action. An amended petition was filed by leave after verdict, naming appellant as sole defendant. This did not change the cause of action.

Goldberg v Johnson, 130 Oh St 1.

Canton Provision Co. v Gauder, a minor, 130 Oh St 43.

The plaintiff seeks to hold appellant liable for the negligence of the employe of its lessee, upon the theory of apparent authority or estoppel by holding out. This doctrine has two distinct factors. First, it must appear that the person sought to be held by his acts, representations or conduct, leads those dealing with him to believe that he is in fact the principal, the responsible party involved in the transaction. Second, the party seeking to hold responsible the apparent principal, must rely upon such conduct, representations or acts and such reliance must lead directly to his injury.

2 American Jurisprudence, 86—Par. 104.

The court is satisfied that the evidence fails to show by a preponderance thereof that both of these necessary elements of the plaintiff's case concurrently exist. The judgment is manifestly against the weight of the evidence.

It is complained also that a lease showing the relationship of the original defendant was improperly excluded from the evidence. After such lease had served its purpose in showing the relationship of the parties, requiring an election, it became a matter for the defendant to introduce if it desired. It offered no evidence. It cannot complain if the court excluded its submission to the jury.

Certain interrogatories were also refused.

These ask for conclusions of the jury upon merely matters of evidence, not ultimate facts and were properly refused.

The judgment is reversed and a new trial ordered.

LEVINE, PJ, and LIEGHLEY, J, concur in judgment.